UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUBEARU BETTIS,<br><br>                              Petitioner,<br><br>                -v.-<br><br>ALL KNOWN AND UNKNOWN AGENTS<br>and EMPLOYEES OF THE FEDERAL<br>BUREAU OF PRISONS,<br><br>                              Respondents. | 24 Civ. 2854 (JHR)<br><br>MEMORANDUM OPINION &<br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Pursuant to 28 U.S.C. § 2241, Petitioner Zubearu Bettis filed this petition for a writ of habeas corpus, *see* ECF No. 1, challenging his delayed release from a residential reentry center due to incident reports that resulted in loss of "good conduct time credits." *Id.* at 1-3. Petitioner requested that the Court restore all such credits "that were taken in violation of [his] Due Process" and "order [Petitioner's] immediate release from BOP custody." *Id.* at 3. No other specific relief appears to have been sought. The Court directed the U.S. Attorney's Office to respond to the Petition and noted that Petitioner could file any reply within thirty days of service of Respondents' answer. ECF No. 5. On May 15, 2024, Petitioner filed a notice stating that he had been "released from MDC Brooklyn" that day, ECF No. 8, which BOP records confirmed. *See* ECF No. 9.

On May 20, 2024, the Court referred the case to Magistrate Judge Sarah Netburn for general pretrial purposes and for dispositive motions requiring a report and recommendation. ECF No. 7. The parties submitted a joint letter on July 29, 2024, in which the Government explained that Petitioner's habeas petition could be "moot in its current form because it expressly s[ought] restoration of 'good conduct time credits' and release from BOP custody." ECF No. 14.

Petitioner seemed to argue that the Petition should be interpreted to seek a reduction of his period of supervised release. *See id.* at 1-2. The Court directed Petitioner to file an amended petition "indicat[ing] where [he] was sentenced, the sentence imposed, and whether [he] was sentenced to a mandatory minimum term of supervised release." *See* ECF No. 15. When no amended petition was timely filed, the Court further extended the deadline, warning that "the Court c[ould] recommend that the action be dismissed for failure to prosecute." *See* ECF No. 16 (citing Fed. R. Civ. P. 41(b)). To date, Petitioner has not filed an amended petition.

Judge Netburn issued a Report and Recommendation on September 27, 2024, recommending dismissal of the Petition without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 17. The Report and Recommendation notified the parties that they had "fourteen days from service" thereof—until October 11, 2024—to file written objections. *See id.* at 4. In addition, it cautioned that failure to timely file objections would "result in a waiver of those objections for purposes of appeal," and it highlighted Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. *Id.* As of the date of this Order, no objections have been filed, and no request to extend the time to object has been made.

For the following reasons, the Court adopts the Report and Recommendation in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate

2

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

As Petitioner failed to file any objections to the Report and Recommendation by the October 11, 2024 deadline (or, indeed, at any point since), he waived the right to object and, subsequently, to obtain any appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008). The Court has reviewed the Petition and the Report and Recommendation unguided by objections and finds it to be well reasoned and grounded in fact and law. The Report and Recommendation is therefore adopted in its entirety.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good

faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

For the foregoing reasons, the Court dismisses this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: January 20, 2025
      New York, New York

                                                  JENNIFER H. REARDEN
                                                  United States District Judge